## KEMPLE v. FARINA.

*Negligence—Automobiles—Liability of parent for child's acts —Son not acting for father or with his permission—Special finding by jury against weight of evidence.*

In an action for personal injuries caused by being struck by an automobile driven by defendant's son, a finding by the jury, in answer to an interrogatory submitted by the court, that at the time of the accident defendant's son was "acting as the agent or servant of his father in furtherance of his father's business or in the execution of his father's orders," is manifestly against the weight of the evidence, where the uncontradicted evidence discloses that the defendant not only did not consent to his son's driving the automobile on the occasion of the accident but had expressly forbidden his doing so, and that the son was not acting for his father but for his mother and at her special request, and where the evidence as to the trip in question being in furtherance of defendant's business is very incomplete and unsatisfactory.

(Decided May 16, 1923.)

ERROR: Court of Appeals for Summit county.

*Messrs. Musser, Kimber & Huffman,* for plaintiff in error.

*Messrs. Sheck, Lahrmer, Stevens & Hadley* and *Mr. W. L. DeLeone,* for defendant in error.

WASHBURN, J. In this case there is no dispute as to the important facts, but there is a chance for a difference of opinion as to some of the inferences to be drawn from such facts.

Plaintiff in error, G. M. Kemple, retired from active business several years ago. He has a wife and several children, one of whom, a boy, was

about 14 years of age when the accident happened out of which this action arose.

Mr. Kemple had an automobile which he purchased for the pleasure of himself and family, and he usually drove the car, but on a few occasions, when on long trips, he permitted the son to drive the car in the country, when the father was along in the car, but he never consented to the son's driving the car when he was not along, or to his driving the car in the city, even when the father was along. No other member of the family could or ever did drive the car.

The son on a few occasions, when the father was not at home, did drive the car in town when the mother requested him to do so, but the father on learning such fact protested vigorously and forbade the son doing it again.

On the day in question, the father not being at home, and the mother desiring to go to a dressmaker for some purpose not disclosed in the record, asked the son to drive the car on such errand, and the son complied with her request and drove the car, in which were his mother and two sisters, to the dressmaker's in the city of Akron, and on the return trip home he drove by a standing street car, from which passengers were being discharged, and ran over one of such passengers, who brought this suit against the father to recover damages for such injury, recovering a judgment for $1,000.

The case is here on error to reverse that judgment.

We will discuss but one claimed error, for as to the other matters of which complaint is made we find no error prejudicial to plaintiff in error.

It is the settled law that the father, merely be-

cause of the relation, is not liable for the torts of his children, whether the same are negligent or wilful. *He is liable only on the same grounds that he would be liable for the wrong of any other person.* 1 Cooley on Torts (3 ed.), page 180.

If liability on the part of the father is to be established in this case, it must be based either upon the negligence of the father or upon the fact that the son was at the time the agent or servant of the father, and acting within the scope of his agency or employment.

If by reason of the youth of the son, and his lack of skill, or want of experience, he was incompetent to operate such automobile, and the father was negligent in permitting him to operate upon the streets of the city an instrumentality which was dangerous in the hands of such incompetent, unskilled and inexperienced person, the father would be liable for injury caused by the negligence of the son in the operation of the automobile.

In such a case the liability of the father would not arise because the negligence of the son is imputed to the father, but would be based upon the negligence of the father in placing an instrumentality in the hands of, or entrusting it to, an inexperienced or incompetent person, who was negligent in the operation of the same.

In the case at bar, no such claim was made against the father; neither the pleadings nor evidence would have warranted the court in charging the jury as to such a claim, and the court did not so charge.

The claim made, and the only one submitted to the jury, was that the father was acting by and through his son, who was his agent or servant,

acting in furtherance of the father's business or in the execution of his orders.

The jury, in answer to an interrogatory submitted by the court, specifically found that at the time of the accident the son was "acting as the agent or servant of his father in furtherance of his father's business, or in the execution of his father's orders," and it is evident that the verdict was based upon that finding.

It is urged that such finding is manifestly against the weight of the evidence, and we are unanimously of the opinion that it is.

The uncontradicted evidence is that the father not only did not consent to the son's driving the automobile on the occasion in question, but that he had forbidden his doing so, and that the son, instead of acting for the father, was acting for the mother, and at her special instance and request, and, while some reasonable minds might infer that the trip in question was in furtherance of the business of the father, the evidence as to that phase of the case is very incomplete and unsatisfactory.

This holding is fully sustained and required by the opinions of the Supreme Court in the following cases: *White Oak Coal Co.* v. *Rivoux, Admx.*, 88 Ohio St., 18; *Elms* v. *Flick*, 100 Ohio St., 186, and *Bretzfelder* v. *Demaree*, 102 Ohio St., 105.

We do not mean to approve of the charge given by the court before argument at the request of the plaintiff below, for we feel sure that some mistake was made in copying the charge into the record, there appearing to be something left out which is necessary to make it convey to the mind of an ordinary juryman the meaning claimed for it by

defendant in error, and, if nothing was left out, it was too ambiguous for the ordinary juryman to understand.

Because under the pleadings in this case the judgment is manifestly against the weight of the evidence, the judgment is reversed and the cause remanded.

*Judgment reversed, and cause remanded.*

FUNK, P. J., and PARDEE, J., concur.